UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMALL DRANE, | CASE NO. 1:05-CV-00778-AWI DLB-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| N. GRANNIS, et al., | |
| Defendants. | |

I. Screening Order

    A.    Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 15, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### B. Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at North Kern State Prison and Pleasant Valley State Prison, where plaintiff is presently incarcerated. Plaintiff names Nancy Grannis, Chief of Inmate Appeals; Appeals Coordinators T. Hudgins, R. Shannon and T. Taxdahl; and the Wardens of North Kern State Prison and Pleasant Valley State Prison. Plaintiff is seeking money damages.

### C. Plaintiff's Claims

#### 1. Failure to Protect

In his complaint, plaintiff alleges that in April 2004, he was an inmate at North Kern State Prison. Plaintiff contends that during this time, correctional guards named as Does 1 through 15, permitted him to be attacked by a general population inmate possessing a weapon which resulted in serious personal injury to plaintiff. Plaintiff asserts that during this time, these correctional guards engaged in a wide spread custom of terrorizing sensitive needs inmates. Plaintiff alleges that Does 1 through 15 were deliberately indifferent to his safety and permitted foreseeable attacks by inmates in the general population. Plaintiff alleges these attacks were permitted based on defendants' resentment for and disapproval of inmates in protective custody. Plaintiff contends that after his attack, defendants conspired to create false reports regarding plaintiff's injuries to conceal their own culpability.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must

1  provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id;
2  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246
3  (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement,
4  prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk
5  of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

6       Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.
7  Hoptowit v. Ray, 682 F.2d at 1250-51; Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish
8  a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent
9  to a serious threat to the inmate's safety." Farmer v. Brennan, 511 U.S. at 834. The deliberate
10 indifference standard involves an objective and a subjective prong. First, the alleged deprivation
11 must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834(citing Wilson
12 v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an
13 excessive risk to inmate health or safety." Id. at 837.

14      Plaintiff's allegations are insufficient to give rise to a claim for relief under section 1983 for
15 violation of the Eighth Amendment. Plaintiff's allegations concerning defendants' failure to protect
16 him from attack are very general. Plaintiff does not explain the attack in any detail and therefore he
17 fails to sufficiently allege that defendants knew of and disregarded an excessive risk to his safety.
18 Although allegations that plaintiff was attacked may be a sufficient basis for an Eighth Amendment
19 claim, plaintiff's allegations do not support a claim that of the defendants "[knew] of and
20 disregard[ed] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.
21 "Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. Plaintiff must provide
22 more detail regarding his claims against the named defendants.

23      A plaintiff's complaint must satisfy the requirement of Federal Rule of Civil Procedure 8(a),
24 which calls for a "short and plain statement of the claim showing that the pleader is entitled to
25 relief." Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the
26 opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rule 8(a) does
27 not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only
28 a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests." Id. at 47. Rule 8(a) also requires that the plaintiff give notice of the relief which he seeks from the defendants. Plaintiff's allegations regarding defendants' liability for his injuries fail to satisfy the requirements of Rule 8(a).

### 2. Inmate Appeals - Access to the Courts

Plaintiff alleges that following his assault, he attempted to comply with the inmate appeals process with regard to defendants' conduct; however, defendants Taxdahl failed to respond to his first appeal and then rejected his second appeal because it was "unclear" and duplicative. Plaintiff requested intervention by defendant Grannis. Notwithstanding instructions from Grannis to assist plaintiff with the appeals process, defendants Shannon and Hudgins again rejected plaintiff's appeal on March 28, 2005 and again on April 24, 2005. Plaintiff alleges that he then corresponded with defendant Yates, who failed to respond. Plaintiff contends that defendants, by these actions infringed upon his constitutional rights.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. Id.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d. 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. With respect to the mandatory exhaustion requirement set forth in 42 U.S.C. § 1997e(a), interference with plaintiff's attempts to exhaust via the appeals process would give rise to a cognizable access to the courts claim *only if and when* plaintiff suffers an actual injury by having his claim or action dismissed for failure to exhaust. Until such an injury actually

occurs, it is pure speculation that plaintiff's inability to exhaust will result in the loss of his claim or action. See e.g., Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005) (exhaustion occurred when appeals coordinator exercised discretion to screen out appeal as untimely and no further process remained available to the inmate); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). Defendants' actions stemming from plaintiff's attempts to pursue his inmate appeals do not give rise to a claim for relief for violation of the Due Process Clause, as plaintiff does not have a protected interest at stake with respect to utilization of the appeals process. Further, plaintiff's allegations concerning his attempts to utilize the inmate appeals process do not give rise to any claims for relief under section 1983 for denial of access to the courts or for violation of any other constitutional right.

### D.    Conclusion

The court finds that plaintiff's complaint does not contain any claims upon which relief may be granted. The court will provide plaintiff with the opportunity to file an amended complaint.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional or other federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted;

2. The Clerk's Office shall send plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4. If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    **January 6, 2006**        **/s/ Dennis L. Beck**
3b142a                                               UNITED STATES MAGISTRATE JUDGE